UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
FELIPE DUBON,                  )
                               )
       Plaintiff,              )
                               )
   v.                          )        C.A. No. 20-302 WES
                               )
MERRICK GARLAND¹, et al.,      )
                               )
       Defendants.             )
_____)
```

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion to Dismiss, ECF No. 5. Plaintiff filed this instant action after Defendants denied his Form I-212 Application for Permission to Reapply for Admission into the United States After Deportation or Removal. Compl. ¶ 1, ECF No. 1. He asks that this Court compel Defendants to "re-adjudicate his Form I-212" as it was "improperly decided." Id. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)6). For the reasons set forth below, the Court will GRANT the Defendants' 12(b)(1) motion and dismiss the case for lack of jurisdiction.

Federal courts are courts of limited jurisdiction and require a jurisdictional prerequisite, which "implicates a court's

---

¹ Merrick Garland is now the United States Attorney General. Pursuant to Fed. R. Civ. P. 25(d), U.S. Attorney General Merrick Garland has been substituted for U.S. Attorney General William Barr as Defendant.

constitutional and statutory power to hear and resolve a case." Alphas Co., Inc. v. William H. Kopke, Jr., Inc., 708 F.3d 33, 36 (1st Cir. 2013).  It is the plaintiff's burden to prove this jurisdictional prerequisite and establish that the court has subject matter jurisdiction.  Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).  If the plaintiff fails to prove that the federal court has jurisdiction, then the matter must be dismissed.  Alphas Co., 708 F.3d at 38.

Under the Immigration and Nationality Act ("INA"), "[t]he Attorney General has sole discretion to waive [inadmissibility]. . . . if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship. . . ."  8 U.S.C. § 1182(a)(9)(B)(v). Section 1182(a)(9)(A)(iii) requires that the Attorney General consent to the alien's Form I-212 application and "specifies that the authority to permit an alien to reapply for admission is within the Department of Homeland Security's discretion."  Andrade v. Att'y Gen. of the United States, 312 F. App'x 452, 454 (3d Cir. 2008).  The INA has strictly prohibited judicial review of any discretionary decision made by the Attorney General regarding an inadmissibility waiver.  See 8 U.S.C. § 1252(a)(2)(B)(ii); see also Urizar-Carrascoza v. Holder, 727 F.3d 27, 32 (1st Cir. 2013); Augustin v. Barr, No. 20-cv-11934-RGS (Docket No. 13) (D. Mass. Nov. 10, 2020) (Text Order).  Plaintiff seeks review of the

agency's discretionary decision because the Plaintiff disagrees with the merits, but this court does not have subject matter jurisdiction to review this decision.

Accordingly, Defendants' Motion to Dismiss, ECF No. 5, is GRANTED.


IT IS SO ORDERED.

*/s/ William E. Smith*
_____
William E. Smith
District Judge
Date: July 22, 2021